(No. 75-CV-23-)

IN RE APPLICATION OF KAREN L. SPENCER.

*Opinion filed October 28, 1975.*

KAREN L. SPENCER, Pro Se.

WILLIAM J. SCOTT, Attorney General of Illinois, PEGGY BASTAS, Assistant Attorney General.

PER CURIAM.

This claim arises out of an incident which occurred on November 7, 1973, at 434 West Normal Parkway, Chicago, Illinois. The Claimant seeks compensation for various expenses and for lost earnings under the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 70, 71, et seq.) (hereafter referred to as the "Act").

The issues presented for hearing were as follows:

(a) Whether bills incurred for baby sitting for Claimant's children are compensable under the Act.

(b) Whether taxi fares incurred in going to and from medical treatment are compensable under the Act.

(c) The extent of her lost earnings, if any.

(d) Whether the Claimant is in need of plastic surgery which might be compensable under the Act.

Evidence was taken by the Court at a hearing conducted by Martin C. Ashman, a Commissioner of this Court.

The Claimant was on November 7, 1973, on her way

to visit her father. She had just left a bus and was walking North on Normal Avenue at 69th Street in Chicago, Illinois, when a group of five male youths came up behind her and forced her into an abandoned building at 434 West Normal Parkway, Chicago, Illinois. They took her purse, watch and ring and forced her to disrobe. All five youths then raped her and one hit her several times with what she believed to be a pipe wrench. Thereafter the Claimant dressed herself and went to the next building where she summoned help. She was bleeding heavily from her head wounds.

The Claimant described her assailants to the police and one of them was subsequently arrested and convicted of aggravated battery and sentenced from 4 to 8 years in a penal institution.

The medical records of the University of Chicago Hospitals and Clinics indicate that the Claimant received multiple lacerations to the forehead and scalp, painful contusions on the head and puffed up eyes. Multiple sutures were applied.

She was treated by Dr. Jose Calub who reported that the Claimant suffered from multiple contusions of the head and body and severe anxiety neuroses.

The doctor reported that the Claimant was incapacitated from work from November 7, 1973, to March 6, 1975, because of these problems.

The Claimant testified that all but $6.00 of her medical expenses were paid by the Illinois Department of Public Aid. In addition, she incurred $50.00 in baby sitting expenses rendered to her children and $6.00 in taxi fares going to and from the hospital for medical treatment.

She sees her doctor approximately three times each month and is still seeing her physician for headaches and

pains in her side as a result of the violent crime inflicted upon her. She was employed by Mrs. Tronshaw as a baby sitter (in her own home) and had been earning $10.00 per week in this capacity.

Section 4 of the Act provides as follows:

Pecuniary loss to an applicant under this Act resulting from injury or death to a victim includes, in the case of injury, appropriate medical expenses or hospital expenses, loss of earnings, loss of future earnings because of a disability resulting from the injury, and other expenses for treatment by Christian Science Practitioners and nursing care appropriate thereto . . . Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month whichever is less . . .

Although in some cases, such as an emergency requiring an ambulance, transportation to a place for medical treatment could be considered a medical expense, there is no proof in the record here that taxi fares were required medically for transportation to and from the hospital, and therefore the Court finds that reimbursement for taxi fares are not compensable in this case.

It is clear that the Act makes no reference to expenses incurred by victims of crime other than medical, hospital and lost earnings. Baby-sitting charges incurred cannot in any way be considered as a part of any of these three categories. Therefore, this Court finds that baby sitting charges necessarily incurred by reason of a victim's incapacitation are not compensable under the Act.

As to the Claimant's own lost earnings, there is no question that they are compensable under the Act, and although the length of time of incapacitation in this case seems unusual, this Court will not substitute its judgment for the judgment of the attending physician and therefore finds that the Claimant lost 19 months of work at the rate of $43.33 per month or a total lost earnings of $823.27.

As to the issue of possible future plastic surgery, her plastic surgeon, Dr. J. Vickers Brown, indicated that "Ms. Spencer was advised that surgical correction will not lead to significant improvement of her scars. Revisional surgery is not advised in this case."

Inasmuch as her doctor advises no surgery is required, there is, of course, no compensation to be paid in this regard.

Accordingly, the Court finds as follows:

(1) That the Claimant was a victim of a violent crime as defined in Section 2(c) of the Act, to wit: "Battery", (Ill.Rev.Stat., 1973, Chapter 38, §12-4).

(2) That there was no evidence of any wrongful act or substantial provocation by the Claimant for the attack upon her.

(3) That there is no evidence that the victim and her assailants were related or sharing the same household.

(4) That the criminal offense was promptly reported to law enforcement officials and the Claimant has fully cooperated with their requests for assistance.

(5) That the Claimant has received benefits from the Illinois Department of Public Aid which covered all but $6.00 of her medical and hospital expenses.

(6) That the Claimant sustained loss of earnings in the amount of $823.27 which together with her unreimbursed medical expenses gives a total compensable loss to the Claimant in the amount of $829.27.

(7) That the Claimant has not received any other insurance or disability benefits as a result of her injury.

(8) That in determining the amount of compensation to which an applicant is entitled, Section 7(d) of the Act states that this Court:

(d) . . . shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the Workmans Compensation Act or from local governmental, state or federal funds or from any other source. . . .

That the statutory deduction of $200.00 having been deducted from the gross amount of loss leaves an amount of compensable loss, sustained by the Claimant, in the amount of $629.27.

IT IS HEREBY ORDERED that the total sum of $629.27 be awarded to the Claimant, Karen L. Spencer, in the amount of $629.27.